# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | | |
|---|---|---|
| **DONNA N PARKER** | * | **CIVIL ACTION NO.  17-1453** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **BENTELER STEEL TUBE MANUFACTURING CORP, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 12] filed by defendants, Troy Lambright, Rhonda Simmons, Daryl Guy, Greg Black, and Nick Smiley (collectively the "Individual Defendants").  For reasons explained below, it is recommended that the motion be GRANTED.

## Background

On November 6, 2017, Donna Parker filed the instant complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.* (the "ADA"), against her former employer, Benteler Steel Tube Manufacturing Corp ("Benteler") and the Individual Defendants.  *See* Complaint, doc. # 1.  Plaintiff alleges that she was sexually harassed by Benteler employees Black, Smiley, and Lambright while she was employed at Benteler, and that Benteler failed to reasonably accommodate her medical need for heightened access to restrooms.  *See id.* at pp. 1 & 3.  Plaintiff contends that she was terminated after she filed a complaint with the EEOC.  *See id.* Plaintiff believes she was terminated because she is African-American and female.  *See id.* at p.

1.

On June 13, 2018, the Individual Defendants filed the instant motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Individual Defendants contend that "[t]here is no individual liability under Title VII or the ADA." Motion, doc. # 12, p. 2. Plaintiff filed her opposition memorandum on July 5, 2018 [doc. # 19]; the Individual Defendants filed their reply on July 10, 2018 [doc. # 21]. Thus, the matter is ripe.

## Discussion

### I.     12(b)(6) Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that

support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 155 (5th Cir. 2010). A court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827 (1989).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra* (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Furthermore, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (unpubl.) (citations and internal quotation marks omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958). The complaint need not even "correctly specify the legal theory" giving rise to the claim for relief. *Gilbert, supra*.[1] Even if a plaintiff fails to oppose a 12(b)(6) motion, the court still is obliged to assess the legal sufficiency of the complaint. *Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc.*, 702 F.3d 794, 806 (5th Cir. 2012) (citations omitted).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint

---

[1] "Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted).

by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record). Furthermore, as here, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (citations and internal quotation marks omitted).

### II. The Individual Defendants Are Not Subject To Personal Liability Under Title VII

The Individual Defendants contend that Plaintiff fails to state a claim against them because they are not subject to individual liability under Title VII. *See* Motion, doc. # 12, p. 2, ¶ 2. Liability under Title VII is limited to "employers." *Muthukumar v. Kiel*, 478 F. App'x 156, 158 (5th Cir. 2012). Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . ., *and any agent of such a person . . .*" *Id.* (citing 42 U.S.C. § 2000e(b)) (emphasis added).[2] "[A]ny agent," is interpreted liberally,[3] but not literally; rather, the phrase conveys Congress's intent to "import *respondeat superior* liability into Title VII." *Smith v. Amedisys, Inc.*, 298 F.3d 434, 449 (5th Cir. 2002) (citations omitted).

Fifth Circuit precedent is clear that individual employees are not subject to personal liability under Title VII. *Muthukumar v. Kiel*, 478 F. App'x 156, 158 (5th Cir. 2012) ("[T]here is no individual liability for employees under Title VII." (quoting *Smith v. Amedisys Inc.*, 298 F.3d

---

[2] A "person," in turn, "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, or receivers." 42 U.S.C. § 2000e(a).

[3] *Harvey v. Blake*, 913 F.2d 226, 227 (5th Cir. 1990) (citations omitted)

434, 448 (5th Cir.2002)); *Payne v. Univ. of S. Mississippi*, 681 F. App'x 384, 389 (5th Cir. 2017) (Upholding an award of attorneys' fees based on frivolous Title VII claims because "individuals are not liable under Title VII unless they are employers."). Although, under certain circumstances,[4] an immediate supervisor may be considered an "agent" and therefore an "employer" under Title VII, the supervisor faces liability solely in her official, not individual, capacity. *Harvey, supra; Grant v. Lone Star Co.*, 21 F.3d 649, 652-53 (5th Cir. 1994). Thus, a Title VII suit against a supervisor, who is not an "employer"in her own right – is actually a suit against the employing corporation. *Indest v. Freeman Decorating, Inc.*, 164, F.3d 258, 262 (5th Cir. 1999). A plaintiff, however, may not maintain a Title VII action against *both* her employer and the employer's agent because the employing corporation could face double liability for the same act. *Id*. (citation omitted); *Smith, supra*. In other words, joinder of *both* the employer and its agent is redundant.

Plaintiff alleges that the Individual Defendants were employees or agents of Benteler, not employers in their own right. *See* Complaint, doc. # 1, pp. 1 & 3 (names Black and Smiley as "trainers," Guy and Lambright as "supervisors," and Simmons as a "Human Resource Manager"). Since Plaintiff has named Benteler as a defendant in this law suit, her Title VII claims against the Individual Defendants, who are not subject to personal liability, are redundant and should be dismissed.

**III.    The Individual Defendants Are Not Subject To Personal Liability Under The ADA**

The Individual Defendants also contend that Plaintiff fails to state a claim against them because they are not subject to liability under the ADA. *See* Motion, doc. # 12, p. 2, ¶ 2. The

---

[4] E.g., when the supervisor has been delegated the "employer's traditional rights such as hiring and firing." *Harvey, supra*.

ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "covered entity" is "an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). The ADA defines "employer" as "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person . . . ." 42 U.S.C. § 12111(5)(A).

There is no clear Fifth Circuit precedent on this issue with respect to the ADA, but as noted by many courts, the definitions of "employer" under the ADA and Title VII are essentially identical. *See e.g., Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 703 (E.D. La. 2013). That factor, along with the similar purpose of the ADA and Title VII (i.e., prevention of unfair discrimination in employment) informs the undersigned's conclusion that the Fifth Circuit would follow the seemingly consensus approach, holding that individual non-employers are not subject to personal liability under the ADA for employment discrimination.[5] *See id.* at pp. 703–04.

Based on the reasoning set forth above with respect to Plaintiff's Title VII claims, the undersigned concludes that the Individual Defendant are not subject to personal liability under the ADA, and Plaintiff's ADA claims against the Individual Defendants should be dismissed for failure to state a claim. Accordingly,

IT IS RECOMMENDED that the motion to dismiss for failure to state a claim upon

---

[5]*See also Roman-Oliveras v. Puerto Rico Elec. Power Auth.*, 655 F.3d 43, 52 (1st Cir. 2011) (holding that the "virtually universal view" is that Title I of the ADA does not impose liability on individual employee/co-workers); *Fodor v. D'Isernia*, 506 F. App'x 965, 966 (11th Cir. 2013) (same); *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006) (same); *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 807 n. 1 (6th Cir.1999) (same); *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) ("[T]here appears to be no individual liability for damages under Title I of the ADA . . .");.

which relief can be granted [doc. # 12] filed by the Individual Defendants be **GRANTED** and that all of Plaintiff's claims against them be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 18th day of July 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE