# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

**DONNA N. PARKER**             CIVIL ACTION NO. 5:17-CV-01453

**VERSUS**                      JUDGE TERRY A. DOUGHTY

**BENTELER STEEL, ET AL.**      MAG. JUDGE KAREN L. HAYES

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Donna N. Parker's ("Parker") Motion for New Trial [Doc. No. 74]. Parker moves the Court to reconsider its Ruling and Judgment granting Defendant Benteler Steel/Tube Manufacturing Corp.'s ("Benteler") Motion for Summary Judgment and dismissing Parker's claims of sexual harassment, failure to accommodate, and retaliation [Doc. Nos. 72, 73]. Benteler has filed an opposition [Doc. No. 77]. Parker has filed a reply [Doc. No. 78].

A motion for a new trial following a summary judgment is treated as a motion to reconsider entry of summary judgment under Fed. R. Civ. P. 59(e). *Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 748, n. 9 (5th Cir. 2006) (citing *Patin v. Allied Signal, Inc*., 77 F.3d 782, 785, n. 1 (5th Cir. 1996)). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir.2004) citing *In re Transtexas Gas Corp*., 303 F.3d 571, 581 (5th Cir.2002). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp*., 332 F.3d 854, 863-64 (5th Cir.2003). Relief may also be appropriate when there has been an intervening change in the controlling law. *Schiller v.*

*Physicians Res. Group Inc.*, 342 F.3d 563, 567 (5th Cir.2003). Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d at 479. The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir.1993).

First**,** Parker challenges the dismissal of her failure to accommodate claim by suggesting that she was qualified to perform Benteler's bar saw operator position. She has offered no new facts or legal arguments in support of this claim. Rather, she cites only evidence already in the record. This is insufficient to support a motion for a new trial. *See, e.g., Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp.2d 176, 197 (S.D. Tex. 2007), *aff'd*, 269 F.App'x 523 (5th Cir. 2008) (Motion for new trial denied because plaintiff presented "no new facts and allege[d] no intervening change in the law."). Additionally, it is an uncontradicted fact that Parker could not operate the bar saw or the overhead crane (essential functions of the bar saw operator position) because of dizziness. Both parties stipulated to this fact in the proposed pre-trial order that was submitted prior to the ruling on Benteler's motion for summary judgment. [Doc. No. 59, p. 5]

Second, Parker challenges the dismissal of her failure to accommodate claim by arguing that she did in fact engage in the interactive process. This is despite the uncontroverted evidence in the record detailing: (1) the efforts undertaken by Benteler to obtain the necessary information to facilitate her possible return to work and (2) Parker's refusal to respond to those efforts. The only evidence cited by Parker in support of her request for a new trial are the medical records related to her failed fitness-for-duty evaluation. These records, which were submitted by Benteler in support of its motion for summary judgment, are not "new evidence" that would support the granting of a new trial. Further, the records do not establish anything other than Parker's refusal to cooperate during her fitness-for-duty evaluation.

Third, Parker argues against the dismissal of her retaliation claim on the grounds that the legitimate, non-retaliatory reasons offered by Benteler for her termination (her inability to perform the essential functions of her job and her refusal to provide documentation regarding her ability to work) are pretextual. However, the only evidence offered by Parker in support of this argument is the fact that she "applied for unemployment compensation." [Doc. No. 74-2, p. 13] Parker made this same argument, citing the same evidence, in her opposition to Benteler's motion for summary judgment. [Doc. No. 67, p. 9]. Parker's efforts to obtain unemployment benefits following her termination are not relevant to the claims presented in her lawsuit. More importantly, a motion for new trial cannot be supported by simply restating the same argument made in opposition to a motion for summary judgment. E.g. *Branch Banking & Trust Co. v. Gedalia*, 2012 WL 1231020, *1 (E.D. Tex. 2012) ("Defendant merely reasserts argument already presented to the Court in Defendant's response to the motion for summary judgment, and already ruled on by the Court in its memorandum order and opinion. ...Therefore, the Court finds there is no basis for a new trial, and Defendant's motion for new trial is denied.")

Fourth, Parker argues that Benteler's motion for summary judgment was merely a partial motion and that her race and sex discrimination charges and her retaliation charge were not presented to the Court for summary judgment. She also argues that she asserted a race discrimination claim in addition to her claims of sexual harassment, failure to accommodate, and retaliation. Benteler responds that it moved for summary judgment of all of Parker's claims, and that the Court dismissed all of Parker's claims. The Court agrees with Benteler.

Parker's initial Complaint includes allegations that that she was denied a reasonable accommodation and retaliated against "after [she] filed with the EEOC." [Doc. No. 1, p. 3]. Her initial Complaint also includes the allegation that her trainers "was [sic] liking [her]" and

3

"always say [sic] sexual things to me." [Id.] Her Amended Complaint provides additional details regarding her claims of sexual harassment, failure to accommodate, and retaliation [Doc. No. 31]. Neither document contains any allegations of race discrimination.

Furthermore, Parker confirmed in her deposition, which Benteler offered in support of its motion for summary judgment, that the only three claims included in her lawsuit are a sexual harassment claim, a claim that she was denied a reasonable accommodation, and a retaliation claim:

> Q. As I read your petition and your amended petition, you have presented three claims against Benteler; is that correct?
>
> A. Yes.
>
> Q. Okay. My understanding is that the first claim is you contend that you were sexually harassed while you were at Benteler?
>
> A. Yes.
>
> Q. And we'll get into more details about that, but my appreciation is that you claim there was an individual that sexually harassed you while you were employed; is that correct?
>
> A. Yes.
>
> Q. The other claim, as I read it, is related to a disability that you claim that you have; is that correct?
>
> A. Yes.
>
> Q. Okay. And your claim is that Benteler failed to accommodate your disability by giving you a reasonable accommodation; is that correct?
>
> A. Yes.
>
> Q. Okay. And then the third claim is retaliation?
>
> A. Yes.

> Q. Okay. You claim that your employment was terminated and that that was retaliation against you; is that correct?
>
> A. Yes.
>
> Q. Okay. Are you asserting any other claims against Benteler Steel?
>
> A. No, sir.
>
> Q. It's just those three?
>
> A. Yes.

[Doc. No. 49-3, p. 4-5]. Parker made no attempt to challenge her own testimony in her opposition to Benteler's motion.

Any doubt regarding this issue was resolved by the proposed pre-trial order that was jointly prepared by the parties which includes the following summary of Parker's claims:

> This is an action for: Donna Parker ("Parker") brought this employment discrimination action against Benteler Steele [sic] based on sexual harassment (Quid Pro Quo) under Title VII (42 U.S.C. §2000e et seq.) failure to accommodate and retaliation under the American [sic] with Disabilities Act (42 U.S.C. §12112 et seq.).

[Doc. No. 59, p. 1]

Finally, Parker's motion includes a request that this Court "amend its findings or make additional findings." [Doc. No. 74-2, p. 4-5]. A court is not required to state findings or conclusions when ruling on a motion for summary judgment. Fed. R. Civ. P. 52(a)(3). Parker acknowledges this fact, but also suggests that because a memorandum ruling was issued [Doc. No. 72], it should for some reason be amended. She has offered no argument or information in support of this suggestion. She simply cites Rule 52(b), which provides the general authority for such a request. The Court finds no reason to amend its Ruling or make additional findings.

The Court has already considered all arguments raised by Parker. Parker does not point to any change in the controlling law or new evidence that was not available to her earlier to

support her motion, but merely rehashes her previous arguments. The Court understands and appreciates Parker's arguments, but the Court disagrees with her reasoning and finds that her conclusions are not supported by the case law. Therefore, the Court finds no reason to reconsider its Ruling and Judgment. Accordingly,

**IT IS ORDERED** that Parker's Motion for New Trial [Doc. No. 74] is **DENIED**.

MONROE, LOUISIANA, this 20th day of August, 2019.

_____
**TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE**